UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| The Milton P. Demetre Family Limited Partnership, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Carolyn Boltin, Deputy Commissioner, )<br>Ocean and Coastal Resource Management, )<br>Annie Ruth Hilton Crowley, Raymond )<br>Moody Crowley, Donald William Crowley, )<br>Harris L. Crowley, Jr., Annie Ruth Crowley )<br>Atkinson, Harry Beckmann, III, and Patricia )<br>Beckmann, )<br>Defendants. )<br>_____ ) | Civil Action No. 2:06-3209-CWH<br><br>**ORDER** |

The plaintiff commenced this action pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure and 42 U.S.C. § 1983. The plaintiff alleges that the Department of Health and Environmental Control's Office of Ocean and Coastal Resource Management ("OCRM"), a South Carolina state agency, granted permits to construct docks over the plaintiff's property without providing notice to the plaintiff's predecessor in interest. In addition, according to the plaintiff, the OCRM refuses to revoke the permits in violation of the plaintiff's rights under the Equal Protection clause. The other defendants named in this action own the docks running over the plaintiff's property (hereinafter referred to as "Beckmanns" and "Crowleys").

On December 4, 2006, the OCRM filed a motion, pursuant to Rules 12(b)(1) and (6), to dismiss the action for the lack of subject matter jurisdiction and for the failure to state a claim. The OCRM supports the motion by raising the following allegations:

      1.    Neither Rule 60(a) nor (b) allows this action prior to an action being brought in state court;

>    2.   The plaintiff was not a party to the permit proceeding and cannot now claim a failure of notice;
>    3.   The plaintiff's motion is not timely;
>    4.   Title to the real estate in question is being contested in state court; and
>    5.   The action is barred under the Eleventh Amendment.

On December 7, 2006, the Crowleys and Beckmanns filed a motion listing the same allegations except that the suit against them is barred by the Eleventh Amendment.

Local Rule 7.04 requires parties to accompany a motion with supporting memorandum, and Local Rule 7.05 describes the form and content of the memorandum. The defendants have not filed supporting memoranda with their motions. The documents the defendants have filed give neither the Court nor the plaintiff notice of the legal arguments the defendants will make to support their allegations. Therefore, the Court denies the motions to dismiss without prejudice and with leave to file new motions with supporting memoranda that comply with Local Rules 7.04 and 7.05.

**AND IT IS SO ORDERED**.

_____
March 19, 2007                        **C. WESTON HOUCK**
Charleston, South Carolina            **UNITED STATES DISTRICT JUDGE**

-2-