# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| The Milton P. Demetre Family Limited Partnership, ) ) ) Plaintiff, ) ) vs. ) ) Carolyn Boltin, Deputy Commissioner, ) Ocean and Coastal Resource Management, ) Annie Ruth Hilton Crowley, Raymond ) Moody Crowley, Donald William Crowley, ) Harris L. Crowley, Jr., Annie Ruth Crowley ) Atkinson, Harry Beckmann, III, and Patricia ) Beckmann, ) Defendants. ) _____) | Civil Action No. 2:06-3209-CWH  **ORDER** |

  On November 13, 2006, the plaintiff commenced this action pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure and 42 U.S.C. § 1983.  The plaintiff alleges that the Office of Ocean and Coastal Resource Management ("OCRM") granted permits to construct docks over the plaintiff's property without providing notice to the plaintiff's predecessor in interest as required by S.C. Code Ann. § 48-39-140.  Therefore, the plaintiff concludes that the OCRM lacked jurisdiction to issue the dock permits, and the permits should be set aside as void judgments under Rule 60(b)(4).  In addition, the plaintiff claims that the the OCRM's refusal to revoke the dock permits in issue violates the Equal Protection Clause because the OCRM has revoked dock permits of other similarly situated dock owners on Folly Beach.  The defendants filed motions to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The defendants claim that res judicata bars the plaintiff's attack of the dock's validity and that the plaintiff's Equal Protection claim is not ripe.  This Court has had the benefit

of oral argument.

I. Facts and Background

On September 2, 1964, Mr. and Mrs. Harris L. Crowley acquired Lot 210 on East Huron Avenue. They built a home on the land, which has been continuously occupied since its completion. The plaintiff alleges that Annie Ruth Hilton Crowley, Raymond Moody Crowley, and Annie Ruth Crowley Atkinson have inherited the property from Mr. and Mrs. Harris L. Crowley. On April 27, 1972, Mr. and Mrs. Harry Beckmann acquired Lot 209 on East Huron Avenue. The plaintiff alleges that the defendants Harry Beckmann, III and Patricia Beckmann now own this property.

In 1987, the individual defendants (hereinafter referred to as the "Beckmanns" and the "Crowleys") obtained permits to build the docks from the South Carolina Coastal Council, which has since become the OCRM. In 1989, Hurricane Hugo destroyed the docks. The Beckmanns and the Crowleys sought permission to rebuild the docks. The South Carolina Coastal Council denied the permits pending its resolution of whether the proposed docks would encroach or endanger a public oyster bed. The Beckmanns and the Crowleys appealed the denial. In 1990, the South Carolina Coastal Council issued the permits, and the Beckmanns and the Crowleys rebuilt the docks.

In 2004, Milton Demetre purchased the land adjacent to the Beckmanns' and Crowleys' land from Edward M. Seabrook, Jr. ("Seabrook")[1] on behalf of the plaintiff, the Milton P. Demetre Family Limited Partnership, a South Carolina limited partnership. Prior to purchasing the land from Mr. Seabrook, Milton Demetre inquired about the docks. The plaintiff claims that

---

[1] Seabrook is now deceased.

Seabrook had no knowledge of the docks' existence until Milton Demetre inquired about the docks. Demetre commenced declaratory judgment actions in 2002 and in 2005 in state court against all of the defendants in this action except for Carolyn Boltin as the deputy commissioner of the OCRM. Demetre sought a declaratory judgment as to the ownership of the property on which the docks were located and the validity of the dock permits, as well as a decree to quiet title and an injunction and damages for trespass and nuisance. The state court consolidated these two actions.

On March 23, 2007, the Honorable Mikell Scarborough ("Scarborough"), Master in Equity for Charleston County, issued an order dismissing the two state court actions. Scarborough found that the plaintiff and Seabrook had actual or inquiry notice of the existence of the docks. (Scarborough Order, 14). Scarborough dismissed the plaintiff's claims for failure to pursue them in a timely manner; held that the title to the road is confirmed in the defendant City of Folly Beach; held that the court did not have the proper parties before it to determine the title to the marshlands; and found that the plaintiff's challenge to the dock permits was moot. The plaintiff has appealed the order, and the appeal is pending.

II. Standard for Deciding a 12(b)(6) Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). It is well settled that a pleading is sufficient if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint is not

required to set forth heightened fact pleading of specifics, "but only enough facts to state a claim for relief that is plausible on its face. [Where the plaintiff fails to nudge its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1974 (2007).

III.  Res Judicata as to the plaintiff's Rule 60(b)(4) claim

Under res judicata principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. First Union Comm. Corp. v. Nelson, Mullins, Riley, and Scarborough, 81 F.3d 1310, 1315 (4th Cir. 1996).  The doctrine encompasses two concepts: claim preclusion and issue preclusion.[2] Rules of claim preclusion provide that if later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of evert matter actually adjudicated in the earlier case, but also of every claim that might have been presented. Id.  Generally, claim preclusion applies when three conditions are satisfied: 1) the prior judgment was final and on the merits, 2) the parties are identical, or in privity, in the two actions; and 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. Id.

The first element is satisfied here.  Judge Scarborough issued a final order on the merits of the plaintiff's actions in state court.

The plaintiff claims that the parties are not identical in the federal and state court actions. In this action, the plaintiff has simply added Boltin as a party.  Courts are no longer bound by

---

[2] Issue preclusion is more narrow than claim preclusion and applies when the later litigation arises from a different cause of action. First Union Comm. Corp. v. Nelson, Mullins, Riley, and Scarborough, 81 F.3d 1310, 1315 (4th Cir. 1996).  Issue preclusion does not apply to this case.

rigid definitions of the parties and their privies. Edy v. Waffle House, Inc., 482 F.3d 674 (4th Cir. 2007). The present facts are the same as those in the plaintiff's state action. The plaintiff seeks to vindicate the same rights in both cases, and the defendants in the state action represent the same legal right with respect to the same subject matter. *See* Martin v. Bancorporation Retirement Plan, 407 F.3d 643, 651 (4th Cir. 2005). In addition, the defendants in the state action are in privity with Boltin because they shared the same interest against the plaintiff. *See* Klugh v. United States, 818 F.2d 294, 300-301 (4th Cir. 1987) (holding that parties are in privity when their interests are not separate). Therefore, the Court holds that the defendants in the state court action and Boltin are identical or privity.

The claims in this matter are the same as those involved in the earlier proceeding. Claims are part of the same cause of action when they arise out of the same transaction or series of transactions, or the same set of operative facts. First Union Comm. Corp. v. Nelson, Mullins, Riley, and Scarborough, 81 F.3d 1310, 1315 (4th Cir. 1996). Both the state and federal court action arise out of OCRM's issuance of dock permits to the Crowleys and the Beckmanns. Therefore, res judicata bars the plaintiff's Rule 60(b)(4) claim.

In addition, South Carolina law prohibits the plaintiff from splitting a single cause of action. Floyd v. C.I.T. Corp., 5 S.E.2d 299, 300-01 (S.C. 1939). The plaintiff has attempted to split his single cause of action into a cause of action in federal court and causes of action in state court. The plaintiff should have brought its claim against Boltin in its state causes of action.

IV. Equal Protection Claim

The plaintiff's equal protection claim is not ripe. Ripeness is a justiciability doctrine designed "to prevent the courts, through premature adjudication from entangling themselves in

abstract disagreements." Nuvox Comm'cns, Inc. v. Sanford, 2007 WL 2038942, *3 (4th Cir. 2007). To determine whether a case is ripe, a court must balance the fitness of the issues for judicial decision with the hardship to the parties of withholding judicial consideration. Id. A case is fit for judicial decision where the issues to be considered are purely legal ones and where the agency rule or action giving rise to the controversy is final and not dependent upon future uncertainties or intervening agency rulings. Id. This is not the situation here. The plaintiff's equal protection claim is dependent upon the outcome of the plaintiff's appeal. The considerations that favor withholding review are not outweighed by any hardship that the plaintiff may suffer by dismissing this case because dismissal for lack of ripeness will not prevent the plaintiff from raising the same issues in a future action.

    Res judicata bars the plaintiff's Rule 60(b)(4) claim. The plaintiff's equal protection claim is not ripe. The Court grants the defendants' motions to dismiss.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE**

October 11, 2007
Charleston, South Carolina